# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| NIKKI LAVOIE, as Parent, Guardian, and Next-of-Kin of SOPHIE LAVOIE BOONE, a Minor Child, | ) ) ) ) | |
| Appellant, | ) ) | |
| v. | ) ) | C.A. No. N16A-01-006 FWW |
| DANIEL BOONE, | ) ) ) | |
| Appellee. | ) ) ) | |

Submitted: July 20, 2016
Decided: September 15, 2016

## MEMORANDUM OPINION AND ORDER

On Appeal from the Court of Common Pleas:
**REVERSED and REMANDED.**

Aaron C. Baker, Esquire, Baird Mandalas & Brockstedt, 6 South State Street, Dover, Delaware 19901; Attorney for Appellant.

Gregory A. Morris, Esquire, Liguori & Morris, 46 The Green, Dover, Delaware 19901; Attorney for Appellee.

**WHARTON, J.**

# I. INTRODUCTION

Nikki Lavoie ("Appellant") filed a Notice of Appeal on January 18, 2016, requesting judicial review of the December 21, 2015 decision by the Court of Common Pleas. Appellant contends that the Court of Common Pleas abused its discretion by denying her petition to change her daughter's surname.

In considering this appeal, the Court must determine whether the trial court abused its discretion when it denied Appellant's petition. Upon consideration of the pleadings before the Court and the record below, the Court finds that the trial court abused its discretion. Accordingly, the trial court's decision is **REVERSED** and the matter **REMANDED** to the Court of Common Pleas.

# II. FACTUAL AND PROCEDURAL CONTEXT

Sophie Lavoie Boone ("Sophie") is a six-year-old child who was born on December 28, 2009.[1] Sophie is the daughter of Daniel Boone ("Boone") and Appellant.[2] Appellant and Boone married in July 2004, and they divorced in August 2010.[3]

On October 14, 2015, Appellant filed a Petition for Name Change ("Petition") in the Court of Common Pleas.[4] Currently, Sophie's middle name is Lavoie, and her surname is Boone. In the Petition, Appellant sought to change

---

[1] Tr. at 8:14-18.
[2] Tr. at 9:2-7.
[3] Tr. at 9:7; 35:1.
[4] Appellant's Pet. Name Change.

Sophie's name by transferring Sophie's middle name to her last name.[5] Appellant thus sought to have Sophie's surname include both Lavoie and Boone.[6] Appellant contended that changing Sophie's name would allow Sophie to identify with Appellant's family and would allow Sophie to preserve her relationship with Appellant.[7]

On November 2, 2015, Boone filed an answer to Appellant's Petition.[8] Boone objected to Appellant's proposed name change and contended that it would not be in Sophie's best interest.[9]

On November 16, 2015, the trial court held a hearing with respect to Appellant's Petition.[10] Both Appellant and Boone testified. At the beginning of the hearing, Appellant's counsel stated that the testimony would revolve around whether the name change would be in Sophie's best interest.[11]

Appellant testified that Sophie should have the same surname as her custodial parent. Appellant stated she has primary residential placement of Sophie, and she also has joint custody of Sophie with Boone.[12] Appellant also stated that

---

[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] Appellee's Answer to Pet. Name Change.
[9] *Id.*
[10] Tr. at 1.
[11] Tr. at 5:13-18.
[12] Tr. at 9:8-20.

3

Boone visits Sophie for a few hours on Tuesdays and Thursdays, and Boone has overnight visitation with her every other weekend.[13]

Appellant also testified that both she and Sophie experience difficulties from Sophie's current surname. For example, Appellant testified that when Boone's wife attempted to pick up Sophie from summer camp, the counselors could not identify Sophie because Mrs. Boone asked for Sophie Boone, but the counselors had listed her as Sophie Lavoie Boone.[14] Apparently, this confusion occurred because Appellant insisted on registering Sophie as "Sophie Lavoie Boone" instead of "Sophie Boone."[15] Additionally, Appellant testified that individuals are sometimes confused about Appellant's relationship to Sophie because of Sophie's different last name.[16]

With respect to the effect that a name change would have on the preservation of Sophie's relationship with each parent, Appellant testified that a "middle name is not considered as important as a last name."[17] Consequently, Appellant stated that Sophie's relationship to her mother is secondary in the minds of Sophie and others, and therefore, Sophie's surname should be changed to preserve her relationship with Appellant.[18]

---

[13] Tr. at 28:8-12.
[14] Tr. at 12–13.
[15] Tr. at 48:9-12.
[16] Tr. at 11:21-23.
[17] Tr. at 32:20-23.
[18] Tr. at 22:12-17.

4

Appellant testified that changing Sophie's surname would allow Sophie to identify with a larger family unit. In particular, Appellant testified that Sophie would want to have a strong association with her mother and to be known in the community as Appellant's daughter.[19] Additionally, Appellant stated that Sophie would also want to have a strong association with her grandparents who had a significant impact on Appellant.[20] However, Appellant testified that these associations cannot exist with Lavoie as Sophie's middle name, and not her last name.[21]

Boone testified that he does not think that anyone should change Sophie's name without her consent.[22] Boone stated that Sophie should be able to change her own name, if she desires to do so, when she gets older.[23]

On December 21, 2015, the trial court found that Sophie's name shall not be changed because it would not be in her best interest.[24] After balancing the relevant factors, the trial court found that "although granting the Petition would simultaneously alleviate the relatively minor inconveniences experienced by the parents," this change would also "detrimentally expose Sophie to the myriad

---

[19] Tr. at 25:18-22
[20] Tr. at 38–39.
[21] *Id.*
[22] Tr. at 46:9-18.
[23] *Id.*
[24] *In re Boone*, C.A. No. CPU4-15-003549, at 5 (Del. Com. Pl. Dec. 21, 2015).

5

questions and difficulties that accompany a name change at such a critical stage in the child's social development."[25] Appellant appeals this decision.

## III. THE PARTIES' CONTENTIONS

On May 9, 2016, Appellant filed her Opening Brief. Appellant contends that the trial court abused its discretion in its evaluation of some of the factors relevant to determining Sophie's best interests.[26] Appellant contends that the trial court ignored her testimony regarding the problems she and Sophie experienced as a result of their different surnames.[27] Furthermore, Appellant argues that the trial court failed to appreciate the importance of Sophie being able to identify with her heritage and being able to develop her relationship with Appellant.[28]

Appellant also argues that the trial court abused its discretion when it drew a conclusion that was unsupported by the record.[29] Specifically, Appellant argues that the trial court's conclusion that changing Sophie's surname would expose her to "myriad questions and difficulties" is arbitrary and capricious.[30]

---

[25] *Id.* at 5.
[26] Appellant's Opening Br., D.I. 12, at 7–8.
[27] *Id.* at 7.
[28] *Id.* at 9.
[29] *Id.* at 7.
[30] *Id.*

6

Finally, Appellant argues that Delaware precedent regarding surname changes for minors is based upon outmoded gender prejudices, and therefore, the Court should overrule this precedent.[31]

In contrast, Boone argues that the trial court did not abuse its discretion when it balanced the relevant factors. Boone argues that the trial court based its decision upon evidence in the record, and therefore, the trial court's decision should not be disturbed.[32]

Furthermore, Boone asserts that Appellant did not raise the argument that the legal standard is based upon outmoded gender prejudices in the court below, and therefore, this Court should not consider it for the first time on appeal.[33]

## IV. STANDARD OF REVIEW

The Court reviews the Court of Common Pleas' decision regarding a name change petition under an abuse of discretion standard, and therefore, the trial court's decision will not be overturned unless its decision was arbitrary and capricious.[34]

---

[31] *Id.* at 12–14.
[32] Appellee's Answering Br., D.I. 14, at 4.
[33] *Id.* at 9.
[34] *See In re Marley*, 1996 WL 280890, at *4 (Del. Super. May 16, 1996).

# V. DISCUSSION

**A.    The Trial Court Considered Matters Outside of the Record in Reaching Its Conclusion.**

In determining whether "the best interests of the child" would be served by granting the proposed name change, the trial court considered the following factors:

1.  A parent's failure to financially support the child;

2.  A parent's failure to maintain contact with the child;

3.  The length of time that a surname has been used for or by the child;

4.  Misconduct by one of the child's parents;

5.  Whether the surname is different from the surname of the child's custodial parent;

6.  The child's reasonable preference for a surname;

7.  The effect of the change of the child's surname on the preservation and development of the child's relationship with each parent;

8.  The degree of community respect associated with the child's present surname and proposed surname;

9.  The difficulties, harassment, or embarrassment that the child may experience from bearing the present or proposed name; and

10. The identification of the child as a part of the family

unit.[35]

The trial court did not address factors one, two, and four because they were undisputed.[36] With the remaining relevant factors, the trial court found the following in its decision:

> (3) the child was born almost six years ago, and has begun to cement her identity and personality within her friendships at school; (5) Sophie's parents both take an active role in raising her, however her surname differs from Ms. Lavoie, with whom she spends a majority of her time; . . . (7) the change of name is likely to have little effect on the child's relationship with either parent; . . . (9) the Court believes the child will experience relatively little difficulty, harassment, or embarrassment if she retains her current surname instead of altering it; (10) because both parents appear to be positive role models for Sophie, who actively participate in her schooling and upbringing this change would not affect Sophie's identification as part of the family unit.[37]

After balancing these factors, the trial court found, by a preponderance of the evidence, that changing Sophie's surname would not be in her best interest.[38] Specifically, the trial court concluded that "although granting the Petition would simultaneously alleviate the relatively minor inconveniences experienced by the parents, and superficially execute Ms. Lavoie's desire to draw Sophie closer to her

---

[35] *In re Boone*, C.A. No. CPU4-15-003549, at 4. *See also In re Gibbs*, 2008 WL 5160141, at *3 (Del. Com. Pl. July 9, 2008).
[36] *In re Boone*, C.A. No. CPU4-15-003549, at 4. The trial court found that each parent provides Sophie with financial support, maintains contact with Sophie, and has no record of relevant misconduct.
[37] *Id.* at 4–5.
[38] *Id.* at 5.

heritage, the change would also detrimentally expose Sophie to the myriad questions and difficulties that accompany a name change at such a critical stage in the child's social development."[39]

The trial court's conclusions regarding the relatively meager benefits of changing Sophie's name are manifestly correct and supported by the evidence. The inconveniences experienced by the parents are indeed minor, and the inconveniences are to the parents, primarily Appellant, and not to Sophie. Moreover, the most significant problem with Sophie's current name was caused by Appellant when she insisted that Sophie be registered at summer camp using the name "Lavoie Boone," instead of simply using "Boone."

Additionally, moving Sophie's middle name to a compound last name would only "superficially execute Ms. Lavoie's desire to draw Sophie closer to her heritage."[40] Again, the trial court was correct to perceive that the real beneficiary of the proposed name change was Appellant, rather than Sophie, since the name change would execute Appellant's desire to bring Sophie closer to her heritage. The trial court was also correct to find that the name change would only superficially accomplish Appellant's goal, since Sophie's Canadian-French heritage is already reflected in Sophie's middle name.

---

[39] *Id.*
[40] *Id.*

10

However, when the trial court turns to articulating the detriments of the name change, its analysis goes astray. While the Court gives great deference to the trial court under the standard of review appropriate here, and while the trial court may well be correct to conclude that the name change would "detrimentally expose Sophie to the myriad questions and difficulties," evidence for that proposition is absent from the record below. Because this Court cannot know how heavily the trial court weighed this consideration, the decision below must be **REVERSED** as an abuse of discretion and the matter **REMANDED** for the trial court to reweigh the relevant factors.

## B. Appellant Did Not Raise Her Gender Bias Issue Below, and the Trial Court Did Not Base Its Ruling on "Outmoded Gender Prejudices."

Appellant contends that Delaware's continued reliance upon patriarchal norms prevents both mothers and children "from maximizing the familial identification provided by a shared, albeit hyphenated, surname."[41] Thus, Appellant argues that the Court should overrule this precedent.[42]

According to Super. Ct. Civ. R. 72(g), "Appeals shall be heard and determined by the Superior Court *from the record of proceedings below*, except as may be otherwise expressly provided by statute."[43] Therefore, because this argument was not addressed below, the Court will not consider it on appeal for the

---

[41] Appellant's Opening Br., D.I. 12, at 14.
[42] *Id.*
[43] Super. Ct. Civ. R. 72(g) (emphasis added).

11

first time. Furthermore, Appellant's argument is based on the surmise that the trial court applied a gender bias in its decision, a surmise that is not borne out in the trial court's decision.

## VI. CONCLUSION

For the foregoing reasons, the Court finds that the Court of Common Pleas abused its discretion, and therefore, its decision is hereby **REVERSED** and **REMANDED** to the Court of Common Pleas for it to reweigh the aforementioned factors in accordance with this decision.

**IT IS SO ORDERED.**

Ferris W. Wharton, Judge